**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CHANTAL DEEL,**

    **Plaintiff,**

v.                                                   **Case No.: 3:05cv120/MCR**

**METROMEDIA RESTAURANT
SERVICES, INC., d/b/a STEAK AND
ALE RESTAURANT,**

    **Defendant.**
                                                    /

**O R D E R**

Plaintiff Chantal Deel ("Deel") initiated this action alleging sexual harassment and retaliation in violation of the Florida Civil Rights Act[1] in the Circuit Court in and for Escambia County, Florida, against defendant Metromedia Restaurant Services, Inc., ("Metromedia"). After Metromedia removed the case,[2] Deel filed a motion to remand. (Doc. 6). For the reasons given below, the court DENIES Deel's motion.[3]

---

[1] Fla. Stat. §§ 760.01-760.11.

[2] As discussed in n. 4, <u>infra</u>, in removing this case Metromedia has been joined by a second defendant, Metromedia Restaurant Services Management Company, L.P. ("MRSMC").

[3] Also pending in this case is Metromedia's motion for summary judgment (doc. 30), which the court shall address by separate order.

Case No. 3:05cv120/MCR

**Background**[4]

According to the allegations of the amended complaint (doc. 4 at 48-55), Deel began working at defendants' Steak and Ale restaurant in January 2003 in the position of senior manager. Deel alleges that her immediate supervisor at the restaurant started sexually harassing her in October 2003 and that in January 2004 she complained in writing about his conduct to a company official. According to Deel, in retaliation for this complaint defendants terminated her employment on March 1, 2004. Deel describes this lawsuit as one for damages in excess of $15,000, and she seeks an unspecified amount "for lost wages and benefits, back pay, front pay (or reinstatement), . . . humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including prejudgment interest on lost wages [–] costs and attorneys' fees, and such other relief as this court deems appropriate." (Id. at p. 54).

---

[4] The state court records filed in support of removal reflect that Deel commenced this action on December 28, 2004, and effected service of the initial complaint on the only named defendant, Metromedia, on January 10, 2005. (See doc. 4). On February 14, 2005, Deel moved the state court for leave to file an amended complaint adding MRSMC as a defendant. This complaint, which appears to be virtually identical to the initial one other than the addition of MRSMC as a party, reflects that a copy of it was furnished to counsel for Metromedia, who also represents MRSMC. There is no indication that the state court addressed Deel's motion for leave to amend, and Deel has not attempted to pursue her motion for leave to amend in this forum.

Deel, noting that the state court took no action on her motion for leave to amend, states that "it [therefore] appears that MRS[MC] has not been made a party to the present suit." (Doc. 7 at 3). Based upon the information now before it the court is inclined to agree that MRSMC has not been made a party to this suit, but not necessarily for the reason advanced by Deel. Prior to removal MRSMC filed a notice in the state court advising that it did not oppose Deel's motion. If MRSMC's statement constitutes consent in writing to the filing of the amended complaint, pursuant to Florida Rule of Civil Procedure 1.190, the counterpart to Federal Rule of Procedure 15, leave of court was not required. Even if such surmise is correct, however, this court has been unable to locate among the state court documents proof of service of process on MRSMC or waiver. Therefore, while the amended complaint seems to be the relevant document in the instant case (and is the complaint referenced by the court herein), it indeed appears that MRSMC has not yet been made a party to this suit. Given the uncertainty regarding this matter, however, further clarification by the parties may be needed as the litigation proceeds.

As to Deel's motion to remand, the court is satisfied that it is not necessary that MRSMC's actual status be determined at this time. Although the style of the removal notice does not include MRSMC, Metromedia and MRSMC clearly have proceeded together as defendants in removing this case and responding to plaintiff's motion to remand. (See docs. 1, 9). As MRSMC has been thus involved and as it has not otherwise objected to being deemed a party in these proceedings, the court shall treat it as such for the limited purpose of ruling on the instant motion to remand.

Case No. 3:05cv120/MCR

On April 7, 2005, defendants filed a notice of removal in this court based upon diversity jurisdiction. (Doc. 1). Defendants allege they first ascertained removability from a settlement demand letter from Deel's counsel dated March 22, 2005, which they read as seeking $75,000 in damages plus attorneys' fees of approximately $50,000 through trial. Deel moved to remand on April 22, 2005. (Doc. 6). She argues that, resolving all doubts in her favor as the court must do, defendants are unable to demonstrate by the settlement demand letter that at the time of removal the amount in controversy exceeded this court's jurisdictional amount of $75,000. Deel first submits that the demand of $75,000 included both damages and attorneys' fees. Alternatively, Deel maintains that the letter's reference to attorneys' fees possibly amounting to $50,000 was mere negotiations "posturing"; moreover, it would be "nonsensical" for her to demand a figure as low as $75,000 if she in fact estimated her attorneys' fees would consume two-thirds of that amount. Deel also argues that any figure for attorneys' fees which is included in the amount in controversy should be calculated as of the time of removal, not the conclusion of trial.

In opposition, defendants assert that they have met their burden of showing it is more likely than not that the jurisdictional amount has been satisfied, pointing again to Deel's settlement demand letter as well as her demands in the amended complaint for attorneys' fees, back pay, compensatory damages, and punitive damages. (Doc. 9). Defendants also note that Deel has refused to agree that she does not seek more than $75,000 in damages, and they contend that remand is appropriate only if she so stipulates. With leave of court, Deel filed a reply in which she argues that defendants waived their argument pertaining to demands contained in the amended complaint because they failed to assert it in their notice of removal. (Doc. 11). Deel also contends that defendants failed to make this argument within thirty days of service of process and thus it is untimely raised. For these reasons Deel asks the court to strike defendants' argument which references allegations contained in the amended complaint. Even if her request is denied, however, Deel submits that defendants nevertheless have failed to establish by a preponderance of the evidence that at the time of removal the jurisdictional amount was satisfied. According to Deel, taking mitigation of wages into account, her claim for back pay based on an annual

salary of $40,000 at Steak and Ale falls short of meeting the jurisdictional amount. Furthermore, Deel argues, even combining that figure with any possible compensatory or punitive damages award – the amount of which is purely speculative at best – defendants have failed to meet their burden of establishing that it is more likely than not that the amount in controversy exceeded $75,000 at the time of removal. Deel also submits that at no time has she refused to stipulate that her damages would not exceed $75,000 and that defendants have misrepresented the record by suggesting otherwise.[5]

**Standard of Review**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); Darden v. Ford Consumer Finance Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indemity Co., 228 F.3d 1255, 1261 (11th Cir. 2000). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal, as a matter of fact and law. See Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002); Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

In a case in which the plaintiff has not pled a specific amount of damages, the

---

[5] At the court's instruction (doc. 21), the parties also supplemented the record with evidence on the disputed issue of whether the amount in controversy exceeds the jurisdictional amount of $75,000 (docs. 24, 27, 28). In support of her proposition that the parties clearly agree that the amount in controversy does not exceed $75,000, Deel filed a copy of a letter from defense counsel dated August 30, 2005, extending a settlement offer of $2500 and commenting "'if a counter-offer is not substantially below $75,000 I sincerely believe that settlement discussions will not move forward.'" (Doc. 27-2). Defendants filed exhibits to support their contentions that Deel's claim for back pay and lost benefits alone exceeds $80,000; that her claim for attorneys' fees is expected to amount to over $50,000; that Deel has been extremely evasive about disclosing the amount of her damages; and that, based on Deel's statements about the severity of her emotional and mental injury from the alleged harassment, it is evident that her claim for compensatory damages is significant. (Doc. 28). Defendants also filed a copy of Deel's August 2005 deposition. (Doc. 24).

defendant's burden is to prove that it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. See Leonard, 279 F.3d at 972; Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); see also Tapscott v. MS Dealer Services Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. If it is not apparent from the face of the complaint, however, that the jurisdictional amount has been met, the court looks to the notice of removal and "may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." Id.; see also Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000). Additionally, "removal statutes are construed narrowly" and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Indeed, the Eleventh Circuit has explained that because the plaintiff is the master of her own claim, any uncertainties in disputes over jurisdiction should be resolved in her favor. Id. Even so, the court must decide such cases with caution, "less it erroneously deprive defendant of the right to a federal forum." 14 A Charles Wright, Arthur Miller & Edward H. Cooper, Federal Practice and Procedure, § 3721 (3d ed. 1998).

**Discussion**

The court first considers Deel's request to strike defendants' argument which references allegations contained in the amended complaint. Although in opposing remand a defendant cannot argue a new substantive ground as a basis for removal or supply missing allegations, see, e. g., Wyant v. National R.R. Passenger Corp., 881 F.Supp. 919, 924-25 (S.D.N.Y. 1995), defendants in this case have not attempted to do so. In their notice of removal defendants specifically argue that the amount in controversy has been satisfied based on statements made by Deel in her March 22, 2005, settlement demand letter. Deel's letter is fairly read as an offer to settle all demands raised in her amended complaint, including those for back pay and compensatory and punitive damages. In opposing the motion to remand, defendants' more specific reference to those demands

does not constitute a new substantive ground in support of removal or a missing allegation. Moreover, as held by the former Fifth Circuit, the "[r]ules of notice pleading apply with as much vigor to petitions for removal as they do to other pleadings." Brown v. City of Meridian, 356 F.2d 602, 606 (5th Cir. 1966); see Allman v. Hanley, 302 F.2d 559, 562 (5th Cir. 1962) ("The absence of detailed grounds setting forth the basis for removal is not fatal to defendant's right to remove."); see also 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (3d ed.1998) (noting that "detailed grounds for removal need not be set forth in the notice. Rather, it should be sufficient if the court is provided the facts from which removal jurisdiction can be determined"). In this case, defendants allege in their notice of removal that the amount in controversy exceeds $75,000 as demonstrated by Deel's demand settlement letter. The court is persuaded that the notice, which references the letter and in turn the demands made in the amended complaint, sufficiently references the factual basis from which removal jurisdiction can be determined.

       The court further concludes that defendants were not untimely in arguing that Deel's demands for back pay and compensatory and punitive damages should be considered in calculating the jurisdictional amount. Deel acknowledges that "no [federal court] jurisdiction exists on the face of her complaint." (Doc. 7 at 6, n.1). Deel is correct, not only with respect to federal question jurisdiction but also to diversity jurisdiction. There is no issue as to the former. As to the latter, defendants filed their notice of removal on April 7, 2005, which was within thirty days of receipt of Deel's March 22, 2005, settlement demand letter. The court is satisfied that Deel's letter constitutes a "paper from which it may first be ascertained that the case is one which is or has become removable . . . ," 28 U.S.C. § 1446(b), as the allegations of the amended complaint alone were not sufficient to enable defendants to determine that the case was removable. Deel's letter provided information not available in the complaint, particularly that any mitigation with respect to her back pay claim would be minimal. In addition, the letter suggested that, for purposes of compensatory and punitive damages, the value of Deel's claim based on mental and emotional injuries could be significant. For the foregoing reasons, Deel's request to strike

shall therefore be denied.[6]

With respect to the substance of the motion to remand, as outlined above, there is no dispute in this case that the parties are of diverse citizenship. Rather, the dispute centers on whether plaintiff seeks damages in excess of $75,000. Deel does not claim a specific amount of damages in her amended complaint nor is it facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement of $75,000. The court therefore looks to the notice of removal, in which defendants allege that plaintiff offered to settle the matter for $75,000 and indicated that her attorneys' fees could reach $50,000 by the end of trial. In so doing, the court considers the post-removal evidence submitted by the parties to determine whether the jurisdictional amount was met at the time of removal.[7] See Williams, 269 F.3d at 1319.

The FCRA was patterned after Title VII, and it properly is construed in accordance with decisions of federal courts interpreting Title VII. See, e. g., Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998); Champion International Corp. v. Wideman, 733 So.2d 559, 563 (Fla. 1st DCA 1999). A plaintiff whose Title VII claim is successful is "presumptively entitled to back pay," which generally is calculated from the date of the adverse employment action until the date of judgment. See Nord v. United States Steel Corp., 758 F.2d 1462, 1472-73 (11th Cir. 1985). For the purpose of estimating the amount in controversy, the potential back pay award may be computed from the date of the adverse employment action until the proposed trial date, less mitigation. See Brown

---

[6] Although the court denies Deel's request to strike in its entirety, as discussed below, the disposition of this case does not require the court to reach defendants' argument regarding Deel's compensatory and punitive damages.

[7] The court agrees with defendants that Deel has evaded making any acknowledgment that at the time of removal her claims exceeded the $75,000 jurisdictional amount. Nevertheless, "the refusal to stipulate [that the plaintiff's claims do not exceed $75,000] standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue." Williams, 269 F.3d at 1320; see also Logsdon v. Duron, Inc., 2005 WL 1163095, *4 (M.D.Fla. 2005) (finding that plaintiff's unwillingness to be clear as to the amount of damages she sought was basis for denying her motion to remand). Accordingly, although the court may consider Deel's conduct it must also examine other bases for determining whether defendants have met their burden.

v. Cunningham Lindsey U.S., Inc., 2005 WL 1126670, *3 (M.D. Fla. 2005); Destel v. McRoberts Protective Agency, Inc., 2004 WL 746293, *4, n. 3 (S.D.Fla. 2004); Richardson v. Tricom Pictures & Productions, Inc., 334 F.Supp.2d 1303, 1310 (S.D.Fla. 2004).

Deel has provided no evidence which controverts that supplied by defendants. This undisputed evidence reflects that Deel was earning $40,000 per year at Steak and Ale when her employment terminated. (Doc. 9, Exh. 3). Although Deel's final day of work was March 1, 2004, she was paid through March 12, 2004. (Doc. 28, Exh. 1). Trial in this case is set for April 24, 2006.[8] Thus the period of the potential back pay award is from March 12, 2004, through April 24, 2006, which equals 773 days or 2.12 years. At a yearly rate of $40,000 for 2.12 years, less mitigation wages of $4299,[9] Deel's potential back pay award is $80,501.

The court concludes that, on the basis of Deel's back pay claim alone, defendants have satisfied their burden of proving that it is more likely than not that the amount in controversy exceeded the jurisdictional amount at the time of removal.[10] See Leonard, 279 F.3d at 972; Williams, 269 F.3d 1316 at 1319. Deel's motion to remand is therefore due to be denied.

Accordingly, it is ORDERED:

1. Deel's request to strike defendants' arguments which reference allegations

---

[8] A trial date of approximately twelve months from the date of filing (in this case, the removal date of April 7, 2005) is customary in this court.

[9] Deel does not dispute defendants' assertion that her mitigation wages amounted to $1275 from Fishnet Restaurant (May through June 2004) and $3024 from Amvet Post 292 (June 2004 through April 2005). (Doc. 28 at 2, including referenced exhibits).

[10] Although the court therefore need not address any issues which may remain, including with respect to the amount of attorneys' fees or compensatory and punitive damages, it nevertheless makes the following observation. It is true that attorneys' fees are properly included in the jurisdictional analysis if a statutory cause of action entitles a plaintiff to attorneys' fees, see Cohen v. Office Depot, Inc., 204 F.3d 1069, 1070 (11th Cir. 2000), and that under the FCRA "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee *as part of the costs*." Fla. Stat. § 760.11(5) (emphasis added). The text of § 1332, however, expressly precludes consideration of a claim for costs in determining whether the amount in controversy has been satisfied. See 28 U.S.C. § 1332(a).

contained in the amended complaint is DENIED.

    2.    Deel's motion to remand (doc. 6) is DENIED.

DONE and ORDERED this 27th day of February, 2006.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**